UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHIANN BRITTANY WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:25-CV-528-TLS-AZ |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendants. | |

**OPINION AND ORDER**

On November 19, 2025, the pro se Plaintiff Shiann Brittany Williams filed her Complaint [ECF No. 1] in this case seeking damages from the Defendant Equifax Information Services LLC for its purported violations of the Fair Credit Reporting Act (FCRA). This matter is before the Court on the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismisses without prejudice the Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of

costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Here, the Plaintiff has not submitted her motion on the Court's Motion to Proceed In Forma Pauperis form and does not include all the pertinent information.[1] Although she indicates that she receives an unspecified amount from child support, she does not indicate how she meets her expenses of $3,500 per month. Nevertheless, while she does not list any income, she also states that she has $0.00, so it seems likely that her income does not exceed 150 percent of the Poverty Line, which is $6,081.25 per month for a person such as the Plaintiff with six dependents living in Illinois. *See* http://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf.

Assuming for purposes of the motion that the Plaintiff meets the financial requirements to qualify for in forma pauperis status, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1406(a), when "a case laying venue in the wrong division or district" is filed, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] *See* https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

2

28 U.S.C. § 1391(b).

In the instant case, the Plaintiff names Equifax Information Services LLC as the only Defendant, alleging that it "conducts business nationwide," and in the attachments to the Complaint, the Defendant's address is in Atlanta, Georgia, which is in the Northern District of Georgia. *See* Compl. 1, 7, 8, 15, 16, 17, ECF No. 1. Also, from the Georgia Secretary of State website, it appears that Defendant Equifax Information Services is a limited liability company with its principal office address in Atlanta, Georgia. *See* https://ecorp.sos.ga.gov/BusinessSearch (Control No. 0125237).

Additionally, under 28 U.S.C. § 1391(c)(2), an entity such as the Defendant, "shall be deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Because Indiana has more than one judicial district, the Defendant is "deemed to reside in any district in [Indiana] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). However, the Plaintiff does not allege that Indiana has personal jurisdiction over the Defendant because she does not allege that the Defendant's contacts with Indiana "are so extensive" (for general jurisdiction) or that her FCRA claim against the Defendant "arise[s] out of the [D]efendant's constitutionally sufficient contacts with [Indiana]" (for specific jurisdiction). *See uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 425 (7th Cir. 2010).

This is because the Plaintiff does not allege that the Defendant's activities within Indiana "are constant and pervasive." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Also, as discussed above, the Defendant's state of formation is Georgia, not Indiana; and presuming the Defendant's principal office is its principal place of business, its principal place of business is

3

also in Georgia. *See Duncanson v. Wine & Canvas IP Holdings LLC*, No. 1:16-CV-788, 2017 WL 6994541, at *2 (S.D. Ind. Apr. 20, 2017) ("[T]he Supreme Court in *Daimler* suggested that an LLC's state of formation and principal place of business are the salient inquiries in determining where an LLC is subject to general personal jurisdiction."). This all suggests that the Defendant is not subject to general personal jurisdiction in Indiana. Further, the Plaintiff does not allege that the Defendant has purposefully directed its activities at residents in Indiana or that the instant litigation results from alleged injuries that arise out of or relate to those activities. *See Doman v. Heartland Recreational Vehicles, LLC*, No. 3:23-CV-218, 2024 WL 4286194, at *3 (N.D. Ind. Sept. 25, 2024) ("Specific jurisdiction exists if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)) (cleaned up)).

  Moreover, the Plaintiff alleges that she resides in "this district," but in the Complaint and the attachments she lists her address as being in Chicago, Illinois, which is in the Northern District of Illinois. *Id*. at 2, 7, 8, 15, 16, 17. And the Complaint and the attachments to the Complaint are devoid of any facts or details suggesting that the events giving rise to the Plaintiff's claim occurred in or are in any way connected to the State of Indiana. Rather, it appears from the allegations of the Complaint and the attachments that the events occurred within the geographic boundaries of the United States District Court for the Northern District of Illinois and the United States District Court for the Northern District of Georgia. Thus, the Plaintiff has not alleged that venue is proper in this District under either § 1391(b)(1) or § 1391(b)(2); however, it appears that this case could have been filed in a different District.

4

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff up to and including January 19, 2026, to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. This means that the Plaintiff must allege proper venue and personal jurisdiction. Along with an amended complaint, the Plaintiff must also file a new and complete Motion to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff does not file an amended complaint and new Motion to Proceed In Forma Pauperis by January 19, 2026, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege proper venue and personal jurisdiction.

The Court GRANTS the Plaintiff up to and including January 19, 2026, to file an amended complaint that cures the defects set forth above. The Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee by January 19, 2026.

The Plaintiff is cautioned that, if she does not respond by the January 19, 2026 deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on December 22, 2025.

                                                            s/ Theresa L. Springmann
                                                            JUDGE THERESA L. SPRINGMANN
                                                            UNITED STATES DISTRICT COURT